GEOFFREY S. BERMAN
United States Attorney for the
Southern District of New York
By: JENNIFER C. SIMON
Assistant United States Attorney
86 Chambers Street, 3rd Floor
New York, New York 10007
Tel: (212) 637-2746
Jennifer.Simon@usdoj.gov

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re:<br><br>RUNWAY LIQUIDATION HOLDINGS, LLC, *et al.*,<br><br>Debtors. | Chapter 11<br>Case No. 17-bk-10466 (SCC)<br>(Jointly Administered) |
| RUNWAY LIQUIDATION, LLC,<br><br>Plaintiff,<br>v.<br>U.S. CUSTOMS AND BORDER PROTECTION,<br><br>Defendant. | Adversary Proceeding<br>Case No. 19-ap-01064 (SCC)<br><br>**ANSWER** |

Defendant United States Customs and Border Protection ("CBP"), by and through its attorney, Geoffrey S. Berman, United States Attorney for the Southern District of New York, answers the Complaint for Avoidance and Recovery of Preferential Transfers Pursuant to 11 U.S.C. §§ 547 and 550 (the "Complaint") filed on February 26, 2019, in this adversary proceeding by Plaintiff Runway Liquidation, LLC ("Plaintiff"), on information and belief as follows:

1. The allegations contained in Paragraph 1 are Plaintiff's characterization of this action and the relief sought, to which no response is required.

2. The allegations contained in Paragraph 2 are conclusions of law, including characterizations of the legal effect of court orders or other legal documents, to which no response is required.

3. Admits that CBP is named as the defendant in this adversary proceeding and has its principal place of business at the listed address, and respectfully refers the Court to 6 U.S.C. § 211 *et seq.*, which sets forth the scope of the agency's duties and authority.

4. The allegations contained in Paragraph 4 are statements of jurisdiction or conclusions of law, to which no response is required.

5. The allegations contained in Paragraph 5 are statements of jurisdiction or conclusions of law, to which no response is required.

6. With respect to the allegations contained in Paragraph 6, respectfully refers the Court to the cited documents for a complete and accurate statement of their contents, and denies any inconsistent allegations thereto.

7. With respect to the allegations contained in Paragraph 7, respectfully refers the Court to the Amended Joint Plan of Reorganization, dated July 21, 2017, *see* Dkt. No. 564, for a complete and accurate statement of its contents, and denies any inconsistent allegations thereto.

8. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 8.

9. Denies the allegations contained in Paragraph 9, except admits that CBP collected payments from BCBG Max Azria Group, LLC totaling $2,937,622.20 between November 21, 2016, and February 21, 2017.

10. Denies the allegations contained in Paragraph 10, except admits that the Chapter 11 Petition was filed on February 28, 2017, and admits that CBP collected payments from BCBG

Max Azria Group, LLC totaling $2,937,622.20 between November 21, 2016, and February 21, 2017.

11. The allegations contained in Paragraph 11 are conclusions of law, to which no response is required.

12. With respect to the allegations contained in Paragraph 12, realleges and incorporates its answers to Paragraphs 1 through 11 as though fully set forth herein.

13. Denies the allegations contained in Paragraph 13, except admits that CBP collected payments from BCBG Max Azria Group, LLC totaling $2,937,622.20 between November 21, 2016, and February 21, 2017.

14. The allegations contained in Paragraph 14 are conclusions of law, to which no response is required.

15. The allegations contained in Paragraph 15 are conclusions of law, to which no response is required.

16. The allegations contained in Paragraph 16 are conclusions of law, to which no response is required.

17. The allegations contained in Paragraph 17 are conclusions of law, to which no response is required.

18. The allegations contained in Paragraph 18 are conclusions of law, to which no response is required.

19. Denies the allegations contained in Paragraph 19.

20. Denies the allegations contained in Paragraph 20.

21.     The allegations contained in Paragraph 21 are Plaintiff's characterization of the relief it seeks, to which no response is required.  To the extent a response is required, denies that Plaintiff is entitled to the relief sought or to any relief.

22.     With respect to the allegations contained in Paragraph 22, realleges and incorporates its answers to Paragraphs 1 through 21 as though fully set forth herein.

23.     The allegations contained in Paragraph 23 are conclusions of law, to which no response is required.

24.     Denies the allegations contained in Paragraph 24, except admits that that CBP collected payments from BCBG Max Azria Group, LLC totaling $2,937,622.20 between November 21, 2016, and February 21, 2017.

25.     The allegations contained in Paragraph 25 are Plaintiff's characterization of the relief it seeks, to which no response is required.  To the extent a response is required, denies that Plaintiff is entitled to the relief sought or to any relief.

26.     With respect to Paragraphs 1 to 4 of the "WHEREFORE" section, the allegations consist of Plaintiff's request for relief, to which no response is required. To the extent a response is deemed required, denies that Plaintiff is entitled to the relief sought or to any relief.

## DEFENSES

Any allegations not specifically admitted, denied or otherwise answered are hereby denied.  For further and separate answer, Defendant alleges as follows:

### FIRST DEFENSE

The Complaint fails to state a claim on which relief can be granted.

4

## SECOND DEFENSE

Pursuant to 11 U.S.C. §§ 547(c)(2)(A), (B), Plaintiff cannot avoid a transfer to the extent that the transfer was in payment of a debt incurred by the debtor in the ordinary course of business, according to ordinary business terms.

## THIRD DEFENSE

To the extent the payments at issue were made before the 90-day preference period set forth in 11 U.S.C. § 547(b)(4)(A), plaintiff fails to state a claim.

## FOURTH DEFENSE

Pursuant to 11 U.S.C. §§ 547(b), (g), Plaintiffs have not established that the payments at issue enabled CBP to receive more than CBP would have received if (a) the case was instead a case under Chapter 7 of the Bankruptcy Code, (b) the payments had not been made, and (c) CBP instead received payment of such debt to the extent provided for in a chapter 7 proceeding.

## FIFTH DEFENSE

This action for avoidance and recovery of preferential transfers is futile because, even were the elements of 11 U.S.C. §§ 547, 550 met, which they are not, there is no benefit to the bankruptcy estate because 11 U.S.C. § 502(h) provides CBP with a priority claim in the same dollar amount as the payments at issue.

## SIXTH DEFENSE

To the extent CBP has already refund a portion of any payment, the Complaint fails to state a claim with respect to that amount.

Defendant may have additional defenses that are not known at this time but may become known through discovery. Accordingly, Defendants reserve the right to assert each and every affirmative or other defense that may be available.

WHEREFORE, CBP respectfully requests that the Court: (1) dismiss the complaint with prejudice; (2) enter judgment in favor of the Defendant; and (3) grant such further relief as the Court deems just and proper.

Dated: April 3, 2019
      New York, New York

GEOFFREY S. BERMAN
United States Attorney for the
Southern District of New York

By: _____
JENNIFER C. SIMON
Assistant United States Attorney
86 Chambers Street, 3rd Floor
New York, New York 10007
(212) 637-2746
Jennifer.Simon@usdoj.gov